**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

BRYON K. RUSS, SR.,

                        Petitioner,

      v.                                      No. 13-CV-1270
                                              (DNH/CFH)

BRIAN FISCHER, Commissioner
of Corrections,

                        Respondent.[1]

---

**APPEARANCES:**                             **OF COUNSEL:**

BRYON K. RUSS, SR.
01-B-0452
Petitioner Pro se
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929


HON. ERIC T. SCHNEIDERMAN          LISA E. FLEISCHMANN, ESQ.
Attorney General for the                   Assistant Attorney General
  State of New York
Attorney for Respondent
120 Broadway
New York, New York 10271


**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

---

[1] For purposes of a habeas corpus petition, the proper respondent is the individual "with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Such an individual is generally the prison facility's warden for he has immediate custody over the prisoner. Id. Based on petitioner's claims, the Court understands the petitioner's reasoning for naming the Commissioner of DOCCS as the respondent and proceeds to consider the pending petition.

**REPORT-RECOMMENDATION AND ORDER**[2]

Petitioner pro se Bryon K. Russ, Sr. ("Russ") is currently an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS") at Clinton Correctional Facility. Russ seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his multiple sentences must run concurrently and DOCCS must recalculate his sentences imposed by the Ontario and Wayne County Courts to run concurrently with each other. Pet. (Dkt. No. 1) at 6–8. For the reasons that follow, it is recommended that the petition be denied.

### I. Background

### A. Multiple Sentences

On February 21, 2001, after a jury trial in the Ontario County Court, Russ was convicted of two counts of robbery in the first degree, one count of assault in the first degree, and one count of criminal possession of a weapon in the second degree. See Russ v. Burge, No. 04-CV-6472T, 2009 WL 2982974, at *1 (W.D.N.Y. Sept. 14, 2009);[3] Pet. at 1; Resp. (Dkt. No. 9-1) at 1. Russ was sentenced to, and is presently serving, definitive sentences of two twenty-four-and-a-half-year prison terms on the robbery counts, a ten-year term on the assault count, and a seven-year term on the weapons possession count, all to run concurrently with each other [hereinafter "2001 Ontario sentence"]. Russ, 2009 WL

---

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[3] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

2982974, at *2; Dkt. No. 10 at 180.  Post-release supervision ("PRS") was not imposed. Pet. at 9.

On April 3, 2001, after a jury trial in the Wayne County Court, Russ was convicted of two counts of burglary in the first degree, two counts of robbery in the first degree, one count of burglary in the second degree, and one count of robbery in the third degree.  See Russ v. Greene, No. 04-CV-6079 (VEB), 2009 WL 2958007, at *1 (W.D.N.Y. Sept. 11, 2009); Resp. at 1–2.  Russ was sentenced to, and is presently serving, definitive sentences of four twenty-four-and-a-half-year prisoner terms for burglary and robbery in the first degree, a fifteen-year term for burglary in the second degree, an indeterminate term of two-and-a-third to seven years for robbery in the third degree, and five years of PRS [hereinafter "2001 Wayne sentence"].  Resp. at 2; Dkt. No. 10 at 180.  The court ordered these sentences to run concurrently with each other and consecutively with the 2001 Ontario sentence.  Pet. at 9; Resp. at 2.

In September, 2008, Russ filed a New York Criminal Procedure Law ("CPL") § 440.20 motion to set aside the 2001 Ontario sentence because it failed to include a PRS term.  Pet. at 9; Penal Law § 70.85.[4]  The Ontario County Court granted the § 440.20 motion and

---

[4] New York Penal Law § 70.85 states,

> This section shall apply only to cases in which a determinate sentence was imposed between September first, nineteen hundred ninety-eight, and the effective date of this section, and was required by law to include a term of post-release supervision, but the court did not explicitly state such a term when pronouncing sentence.  When such a case is again before the court pursuant to section six hundred one-d of the correction law or otherwise, for consideration of whether to resentence, the court may, notwithstanding any other provision of law but only on consent of the district attorney, re-impose the

3

vacated the 2001 Ontario sentence. Pet. at 10; see Dkt. No. 10 at 181–82.

On November 13, 2008, the Ontario County Court resentenced Russ to the same determinate prison term of twenty-four-and-a-half-years without a PRS term, to run consecutively to the 2001 Wayne sentence [hereinafter "2008 resentencing order"]. Pet. at 10; Dkt. No. 10 at 147. Proceeding pro se, Russ appealed the 2008 resentencing order. Pet. at 10.

On December 30, 2009, the Appellate Division, Fourth Department, vacated and modified the 2008 resentencing order. People v. Russ, 68 A.D.3d 1703 (4th Dep't 2009). The Appellate Division stated,

> We agree with [Russ] that the court at resentencing erred in directing that the sentences shall run consecutively to a sentence imposed by Wayne County Court subsequent to the conviction in Ontario County. . . . In resentencing defendant pursuant to Penal Law § 70.85, the court had no authority to direct that the sentences run either concurrently with or consecutively to the sentence imposed by Wayne County Court. We therefore modify the resentence accordingly.

Id. at 1703–04.

DOCCS calculated Russ's 2001 Wayne sentence to run consecutively to the 2001 Ontario sentence. Resp. at 3; Dkt. No. 10 at 7. Russ is currently serving an aggregate forty-nine-year prison term, which was reduced, by operation of law, to forty-years. Resp. at 3; Dkt. No. 10 at 147.

---

originally imposed determinate sentence of imprisonment
without any term of post-release supervision, which then shall
be deemed a lawful sentence.

N.Y. PENAL LAW § 70.85.

4

**B. Article 78 Petition**

In June, 2010, Russ filed a pro se New York Civil Practice Law and Rules ("CPLR") Article 78 petition[5] in Cayuga County, seeking a court order, in accordance with Penal Law § 70.25(1),[6] directing DOCCS to calculate his 2001 Ontario sentence to run concurrently with his 2001 Wayne sentence. Resp. at 2; Dkt. No. 10 at 6–7, 23. The gravamen of Russ's contentions is that the 2001 Wayne sentence can no longer run consecutively to the 2001 Ontario sentence because the 2008 resentencing order rendered the 2001 Ontario sentence invalid. See Dkt. No. 10 at 6–8. Russ further argued that if the court fails to specify how the

---

[5] New York CPLR Article 78 establishes the procedure for judicial review of the actions and inactions of state and local government agencies and officials.

[6] New York Penal Law § 70.25 states, in relevant part,

> [W]hen multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence. If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run as follows:
>
> (a) An indeterminate or determinate sentence shall run concurrently with all other terms; and
>
> An indeterminate sentence shall run concurrently with all other terms; and
>
> (b) A definite sentence shall run concurrently with any sentence imposed at the same time and shall be consecutive to any other term.

N.Y. PENAL LAW § 70.25(1).

5

sentences should run under Penal Law § 70.25(1), then the sentences should run concurrently as long as the sentences are not statutorily mandated to run consecutively. Dkt. No. 10 at 18.

In response to Russ's Article 78 petition, Richard de Simone, associate counsel in charge of DOCCS's Office of Sentencing Review, explained in a letter that the "resentencing pursuant to Penal Law § 70.85 does not change the pre-existing relationship between terms of imprisonment." Dkt. No. 10 at 147. De Simone pointed to the Appellate Division's decision, which merely acknowledged that the resentencing court had no authority to direct the sentences to run either concurrently or consecutively.[7] Id. De Simone further iterated that "the consecutive relationship between the Ontario County and Wayne County sentences was not changed by the reimposition of the Ontario County sentences without post-release supervision in 2008." Id.

On December 14, 2010, Cayuga County Court Judge Thomas G. Leone denied Russ's Article 78 petition. Dkt. No. 10 at 180–84. The Article 78 court explained while the Appellate Division stated that the 2008 resentencing court lacked authority to order Russ's sentences to run consecutively, the Appellate Division did not state that the sentences were to run concurrently. Id. at 182. The Article 78 court emphasized that Russ had argued for a concurrent sentence in his appellate brief; however, the Appellate Division declined to make that ruling. Id. at 182–83.

The Article 78 court continued, stating that a resentence pursuant to Penal Law § 70.85 "merely allows a sentencing court to reimpose the originally imposed determinate sentence

---

[7] In support of this position, De Simone cited to People v. Acevedo, 14 N.Y.3d 828 (2010) and In re Murray v. Goord, 1 N.Y.3d 29 (2003). Dkt. No. 10 at 147.

6

of imprisonment without any term of post-release supervision. The statute does not allow a court to change the sentencing terms in any other way." Dkt. No. 10 at 183. Rather, it was the Wayne County Court that held the authority to impose a consecutive or concurrent sentence, irregardless of the fact that the 2001 Ontario sentence was technically vacated. Id. The Article 78 court concluded a court "reimpos[ing] a sentence pursuant Penal Law § 70.85 . . . does not have the authority to determine whether the sentence is to be served concurrently with or consecutively to other sentences. Instead, the decision of the prior sentencing court remains unchanged." Id. at 184. Furthermore, Penal Law § 70.25(1)(a) does not apply because the 2001 Ontario sentence was already in place and was merely altered to correct a sentencing error, and the 2008 resentencing court did not impose an additional term of imprisonment. Id.

In his pro se appeal to the Appellate Division, Fourth Department, Russ argued that his sentences are required by law to run concurrently and DOCCS lacks the authority to compute his sentences consecutively. Dkt. No. 10 at 186–217. By order dated June 8, 2012, the Appellate Division unanimously affirmed the judgment of the Article 78 court "for reasons stated in the decision at Supreme Court." In Re Russ v. Fischer, 96 A.D.3d 1475 (4th Dep't 2012). Russ sought leave to raise his appellate issues in the New York Court of Appeals, who denied the leave application on October 23, 2012. Dkt. No. 10 at 249–53, 263–64; In Re Russ v. Fischer, 19 N.Y.3d 814 (2012). This petition followed.

## II. Discussion

Russ asserts that his 2001 Wayne and Ontario sentences should run concurrently with

7

each other and DOCCS is violating New York Correction Law § 601-a[8] by calculating his 2008 resentence to run consecutively to the 2001 Wayne sentence, rather than concurrently with the 2001 Wayne sentence. Pet. at 10. Respondent contends that Russ's claims are not cognizable on federal habeas review. Resp. at 3–4.

### A. Legal Standard[9]

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may grant a writ of habeas corpus only if the state court's adjudication on the merits

>  (1)  resulted in a decision that was contrary to, or involved an

---

[8] New York Correction Law § 601-a states, in relevant part,

> Whenever it shall appear to the satisfaction of the department based on facts submitted on behalf of a person sentenced and confined in a state prison, that any such person has been erroneously sentenced, it shall be the duty of the department to communicate with the sentencing court, the inmate's defense attorney and the district attorney of the county in which such person was convicted. If upon investigation, the sentencing court, the defense attorney or the district attorney believes that the person has been so erroneously sentenced, the sentencing court, or the district attorney acting at the direction of the sentencing court, shall notify the department and arrange for the person to be heard and properly resentenced.

N.Y. CORRECT. LAW § 601-a.

[9] Respondent expressly concedes to the timeliness of the petition as well as the satisfaction of exhaustion requirements. Resp. at 8–9. AEDPA's statute of limitations is an affirmative defense and is not jurisdictional. See Day v. McDonough, 547 U.S. 198, 205 (2006); Acosta v. Artuz, 221 F.3d 117, 121–22 (2d Cir. 2000). Further, an unequivocal concession of exhaustion constitutes a waiver, even if it is in error. Cornell v. Kirkpatrick, 665 F.3d 369, 376 (2d Cir. 2011). Thus, the undersigned does not reach these issues in this Report-Recommendation.

> unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000); Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006); DeBerry v. Portuondo, 403 F.3d 57, 66 (2d Cir. 2005).

The Supreme Court has given independent meaning to the "contrary to" and "unreasonable application" clauses in § 2254(d)(1). Williams, 529 U.S. at 405. "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412–13. As for the "unreasonable application" clause, a writ may be granted if "the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 413. "[A]n unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410. In addition, the statutory phrase "clearly established Federal law . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions . . . ." Id. at 412 (internal citations omitted).

The petitioner bears the burden of proving, by a preponderance of the evidence, that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Smalls v. Batista, 191 F.3d 272, 278 (2d Cir. 1999); Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997). Further, when evaluating a habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear

9

and convincing evidence." 28 U.S.C. § 2254(e)(1); DeBerry, 403 F.3d at 66.

On the other hand, "if the federal claim was not adjudicated on the merits, "AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed de novo." Dolphy v. Mantello, 552 F.3d 236, 238 (2d Cir. 2009) (quoting Spears v. Greiner, 459 F.3d 200, 203 (2d Cir. 2006)). Furthermore, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). Because Russ's claims were adjudicated on their merits, the Court reviews the merits of those claims using the AEDPA deference.

### B. Consecutive Sentences

"It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Ortiz v. N.Y.S. Parole in Bronx, N.Y., 586 F.3d 149, 158 (2d Cir. 2009) (quoting inter alia Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)). "As the Supreme Court has long held, 'state courts are the ultimate expositors of state law;" thus, these issues are not cognizable on federal habeas review. Portalatin v. Graham, 624 F.3d 69, 88–89 (2d Cir. 2010) (quoting Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)); see also Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

In this case, the claims contained in the petition are not cognizable on habeas review because they do not present issues of federal law. Russ raised his claims based on the state courts' application of Penal Law §§ 70.85, 70.25 and Correction Law § 601-a.

10

Whether the sentencing court properly applied Penal Law § 70.85, the Appellate Division properly applied Penal Law § 70.25, or DOCCS properly applied Correction Law § 601-a, are not cognizable on federal habeas review. See 28 U.S.C. § 2254(a) (federal courts can grant habeas relief only when prisoner "is in custody in violation of the Constitution or laws or treaties of the United States"); see also Thomas v. Larkin, No. 12-CV-2899 (NGG)(LB), 2013 WL 5963133, at *13 (E.D.N.Y. Nov. 7, 2013) ("whether the sentencing court properly applied New York State Penal Law § 70.25 in determining that Thomas's sentences were consecutive rather than concurrent is not cognizable on federal habeas review" (citing 28 U.S.C. § 2254(a)).

The challenged state statutes revolve around whether Russ should serve his multiple sentences concurrently or consecutively. Penal Law § 70.85 provides that where a determinate sentence imposed that is required by law to include a term of PRS, but the court did not expressly include such a term when pronouncing the sentence, the court may resentence the defendant without any PRS term. N.Y. PENAL LAW § 70.85. Penal Law § 70.25 provides that a sentence that is silent as to whether the imprisonment is to be served concurrently or consecutively "shall run concurrently with all other terms." N.Y. PENAL LAW § 70.25(1)(a). Correction Law § 601-a directs that DOCCS shall return a person to court for resentencing if facts submitted on behalf of the person indicates that the person has been erroneously sentenced. N.Y. CORRECT. LAW § 601-a.

A claim that a state court judge failed to comply with a state statute raises a question of state law. See Thomas, 2013 WL 5963133, at *13 (citation omitted). "[F]ederal courts may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." Id. (citing Pulley v. Harris, 46 U.S. 37, 41 (1984)). Furthermore, "there is no constitutionally

11

cognizable right to concurrent, rather than consecutive, sentences." United States v. McLean, 287 F.3d 127, 136–37 (2d Cir. 2002) (internal quotation marks and citations omitted). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Dhaity v. Warden, No. 07-CV-1810 (CSH), 2014 WL 1089265, at *14 (D. Conn. Mar. 20, 2014) (citing Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983) (per curiam)).

Accordingly, Russ's claims are not cognizable on habeas review and his petition must be dismissed.[10]

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Russ's petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED**.

It is further **RECOMMENDED** that no certificate of appealability should be issued with respect to any of Gantt's claims as Gantt has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO**

---

[10] Given that Russ's claims are clearly not cognizable on federal habeas review, the Court declines to reach the respondent's discussion on Fourteenth Amendment issues. See Resp. at 10–14.

12

**OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 9, 2014
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge